UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

TIMOTHY MUNRO ROBERTS,

    Petitioner,

v.                                          CASE NO. 8:23-cv-1913-CEH-CPT

UNITED STATES OF AMERICA,

    Respondent.
_____/

## ORDER

This matter is before the Court on Petitioner's Petition for a Writ of Habeas Corpus Under 28 U.S.C. § 2241 (Doc. 1), Motion for Summary Judgment (Doc. 13), and Motion for Speedy Ruling (Doc. 19). Upon consideration, the Court concludes that the Motion for Speedy Ruling will be granted but the Motion for Summary Judgment and Petition for a Writ of Habeas Corpus will be denied.

## I. BACKGROUND AND PROCEDURAL HISTORY

Petitioner pleaded guilty in this Court to wire fraud under 18 U.S.C. § 1343. *See United States v. Roberts*, Case No. 8:15-cr-356-CEH-CPT (M.D. Fla.) (Docket entry # 86). In March 2018, he was sentenced to eighty months in prison to be followed by thirty-six months on supervised release. (*Id.*, Docket entry ## 158, 161). Petitioner has completed his imprisonment and currently is on supervised release, which began on June 3, 2022. He contends that he should be immediately released from supervised

1

release. He asserts his term of supervised release concludes in less than one year, he is owed over 450 days of credit toward his sentence under the First Step Act of 2018 ("FSA"), 18 U.S.C. § 3632, and those credits should be applied to his term of supervised release.

## II. DISCUSSION

### A. Jurisdiction

Respondent contends that this Court lacks jurisdiction to resolve the petition. Respondent first asserts that this Court "lacks personal jurisdiction over the proper respondent." (Doc. 8 at 3). Respondent argues that Petitioner is serving his supervised release in Missouri, and therefore jurisdiction lies with the United States District Court for the Eastern District of Missouri because the proper Respondent is the "U.S. Probation Office in St. Louis, Missouri." (*Id.*, at 6). *See* 28 U.S.C. § 2241(a) (district courts are limited to granting habeas relief "within their respective jurisdictions."). The Court disagrees.

Although Petitioner is serving his supervised release in Missouri, and his probation officer is located there, this Court has not transferred jurisdiction over Petitioner's supervised release to the Eastern District of Missouri. *See* 18 U.S.C. § 3605 (providing that "[a] court, after imposing a sentence, may transfer jurisdiction over a . . . person on supervised release to the district court for any other district to which the person is required to proceed as a condition of his probation or release, or is permitted to proceed, with the concurrence of such court."). The U.S. Probation Office in

2

Missouri therefore is providing "courtesy supervision" of Petitioner,[1] and jurisdiction over Petitioner's supervised release remains in this District. *See, e.g.*, *United States v. Johnson*, 861 F.3d 474, 479 (3d Cir. 2017) (Middle District of Florida was without jurisdiction to modify defendant's term of supervised release imposed by district court in Virgin Islands absent a formal § 3605 transfer of jurisdiction from the Virgin Islands).

Respondent next argues the action is moot. (*Id.*, at 6-9). "Article III of the Constitution limits the jurisdiction of federal courts to the consideration of 'Cases' or 'Controversies.'" *Mitchell v. Middlebrooks*, 287 F. App'x 772, 773 (11th Cir. 2008). "Thus, if an event occurring after the filing of the lawsuit deprives 'the court of the ability to give the plaintiff or appellant meaningful relief, then the case is moot and must be dismissed.'" *Id.* (quoting *Soliman v. United States ex rel. INS*, 296 F.3d 1237, 1242 (11th Cir. 2002)). A court must find an action moot where it "can no longer offer any effective relief to the claimant." *Gagliardi v. TJCV Land Tr.*, 889 F.3d 728, 733 (11th Cir. 2018). The dismissal of a moot action for lack of jurisdiction may occur at any stage of the proceeding. *See United States v. Koblan*, 478 F.3d 1324, 1325 (11th Cir. 2007). A court cannot decide the merits of a moot action. *See Church of Scientology of*

---

[1] "Courtesy supervision" is "an informal arrangement between Probation Offices that does not transfer jurisdiction, but instead uses the supervising office as the 'eyes and ears' of another . . . ." *Johnson*, 861 F.3d at 480 n.18.

*Cal. v. United States*, 506 U.S. 9, 12 (1992) ("[A] federal court has no authority to give opinions upon moot questions or abstract propositions . . . ." (internal quotation marks and citation omitted)).

Respondent asserts that Petitioner seeks "additional FSA time credits[,] . . . relief that only [the] BOP can grant." (*Id.*, at 7). And Respondent argues the action is moot because BOP no longer can grant time credits to Petitioner, since he "is no longer in BOP custody." (*Id.*, at 7). But Petitioner does not seek an award of more time credits from the BOP. Rather, he petitions the Court to apply *unused* FSA time credits to reduce his term of supervised release. Because Petitioner is on supervised release, and the Court can provide this remedy (if Petitioner can establish that he is entitled to the relief), the action is not moot.

Finally, Respondent argues the petition must be dismissed as successive because Petitioner "previously filed a section 2241 petition for FSA time credits in the United States District Court in the Southern District of South Dakota, and his petition was denied on the merits." (*Id.*, at  9). "For a § 2241 petition to be barred as successive under 28 U.S.C. § 2244(a), the *same claims* must have been raised and adjudicated on the merits in the petitioner's prior habeas proceedings." *Watson v. United States*, 392 F. App'x 737, 742 (11th Cir. 2010) (citations omitted) (emphasis added). Petitioner's first § 2241 petition, filed in 2020 and denied in March 2022, did not raise the claim that his unused FSA time credits should be applied to his term of supervised release. (*See* Doc. 8-1). In fact, Petitioner could not have raised the claim at that time because he

4

was not on supervised release until June 2022. (*Id*.). Thus, the instant § 2241 petition is not barred as successive.

**B. Merits**

Although the Court has jurisdiction to adjudicate the petition, it must be denied because 18 U.S.C. § 3632(d)(4)(C) does not permit a term of supervised release to be reduced through the application of time credits earned under the FSA.[2] The Court finds persuasive the recent unpublished decision of the Eleventh Circuit in *Guerriero v. Miami RRM*, 2024 WL 2017730 (11th Cir. May 7, 2024). In *Guerriero*, the Eleventh Circuit concluded "that § 3632(d)(4)(C) means that the FSA time credits are to be used to reduce incarceration time so as to *accelerate the beginning of the supervised release* time that was imposed at sentencing on the prisoner" and "reject[ed] Guerriero's attempt to have his excess time credits applied to reduce his three-year supervised release term." *Id*. at *3 (emphasis added). The Eleventh Circuit noted that "[e]very case to address this issue has agreed with the interpretation set out above, save only one: *Dyer v. Fulgam*, 2022 WL 1598249, at *1 (E.D. Tenn. May 20, 2022), *appeal dismissed as*

---

[2] Section 3632(d)(4)(C) provides:

> Time credits earned under this paragraph by prisoners who successfully participate in recidivism reduction programs or productive activities shall be applied toward time in prerelease custody or supervised release. The Director of the Bureau of Prisons shall transfer eligible prisoners, as determined under section 3624(g), into prerelease custody or supervised release.

5

*moot, Dyer v. Fulgam*, No. 22-5608 (6th Cir. June 6, 2023)."[3] Because the Court cannot apply Petitioner's FSA time credits to reduce his term of supervised release, his petition warrants no relief.

Accordingly:

1. Petitioner's Motion for Speedy Ruling (Doc. 19) is **GRANTED**.

2. Petitioner's Motion for Summary Judgment (Doc. 13) and Petition for a Writ of Habeas Corpus Under 28 U.S.C. § 2241 (Doc. 1) are **DENIED**.

3. The Clerk is directed to enter judgment against Petitioner and close this case.

**ORDERED** in Tampa, Florida, on November 1, 2024.

Charlene Edwards Honeywell
United States District Judge

Copies to: Petitioner, *pro se*
Counsel of Record

---

[3] *Dyer* is the case that Petitioner primarily relies on for his contention that he has a right to have the FSA credits applied to reduce his term of supervised release (*See* Doc. 13).